UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Larry Barnabo, Lauri Barnabo, John Barnabo,<br><br>*Plaintiffs*,<br><br>v.<br><br>Edward D. Jones & Co., L.P., Prudential Insurance Company of America, Pruco Life Insurance Company, Fortitude Life Insurance & Annuity Company f/k/a Prudential Annuities Life Assurance Corporation, Gloria Ahola,<br><br>*Defendants*. | Case No. _____<br><br>**COMPLAINT** |

Plaintiffs Larry Barnabo, Lauri Barnabo, and John Barnabo, as and for their Complaint against Defendants Edward D. Jones & Co., L.P., Prudential Insurance Company of America, Pruco Life Insurance Company, Fortitude Life Insurance & Annuity Company f/k/a Prudential Annuities Life Assurance Corporation, and Gloria Ahola, state and allege as follows:

## INTRODUCTION

1. In January 2022, John R. Ahola (now deceased) executed a change-of-beneficiary form, designating his stepchildren—Plaintiffs Larry Barnabo, Lauri Barnabo, and John Barnabo (collectively, "Plaintiffs")—as the beneficiaries of a variable annuity that Ahola purchased several years earlier. Plaintiffs replaced Gloria Ahola, Mr. Ahola's

1

wife, who previously was the 50% beneficiary of that annuity. The annuity now has a face value of $173,749.00.

2. Defendants Edward Jones and Prudential were, respectively, Ahola's investment advisor and the issuer of the variable annuity. Edward Jones and Prudential failed to take steps necessary to give effect to Ahola's change-of-beneficiary form.

3. After Ahola died in April 2022, Defendant Gloria Ahola submitted a claim for 50% of the annuity proceeds, despite the change-of-beneficiary form designating Plaintiffs as the sole beneficiaries of those proceeds.

4. Plaintiffs now bring this action to reclaim the full amount of the annuity's death-benefit proceeds, to enforce the change-of-beneficiary form that Ahola executed before his death, and to recover against Defendants, whose negligence, contractual breaches, and other unlawful conduct damaged Plaintiffs.

## THE PARTIES

5. Plaintiff Larry Barnabo ("Larry") is a natural person and a citizen of Wisconsin.

6. Plaintiff Lauri Barnabo ("Lauri") is a natural person and a citizen of Texas.

7. Plaintiff John Barnabo ("John") is a natural person and a citizen of Wisconsin.

8. Defendant Gloria Ahola f/k/a Gloria Scharp ("Gloria") is a natural person and, upon information and belief, a citizen of Michigan.

9. Defendant Edward D. Jones & Co., L.P. ("Edward Jones") is a limited partnership organized under Missouri law with its principal place of business in Missouri.

Upon information and belief, each of Edward Jones' general partners and limited partners is a Missouri citizen. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 110 (1990) (limited partnerships take on the citizenship of their general and limited partners).

10. Defendant Prudential Insurance Company of America is a New Jersey corporation with its principal place of business in New Jersey.

11. Defendant Pruco Life Insurance Company is an Arizona corporation with its principal place of business in New Jersey.

12. Defendant Fortitude Life Insurance & Annuity Company f/k/a Prudential Annuities Life Assurance Corporation is an Arizona corporation with its principal place of business in Arizona.

13. Defendants Prudential Insurance Company of America, Pruco Life Insurance Company, and Fortitude Life Insurance & Annuity Company f/k/a Prudential Annuities Life Assurance Corporation are collectively referred to as "Prudential" in this Complaint.

## JURISDICTION AND VENUE

14. This Court has original jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity among the parties and the amount in controversy exceeds $75,000.00, excluding interest and costs.

    a. Plaintiffs are citizens of Wisconsin and Texas.

    b. Upon information and belief, Defendant Gloria is a citizen of Michigan.

    c. Defendant Edward Jones is a citizen of Missouri.

    d. Defendant Prudential is a citizen of Arizona and New Jersey.

15. This Court has specific personal jurisdiction over all of the parties because the activities and occurrences underlying Plaintiffs' claims arise out of and relate to the parties' contacts with this forum. *See, e.g.*, *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1781 (2017).

16. Venue in the Western District of Michigan, Northern Division, is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Western District of Michigan, Northern Division.

## FACTUAL ALLEGATIONS

**A. Ahola Purchases the Annuity**

17. On or about December 19, 2016, Ahola purchased a variable annuity contract, contract number E1113171, issued by Prudential (the "Annuity"). The Annuity currently has a face value of $173,749.00.

18. Ahola purchased the Annuity at Edward Jones, which, at all relevant times, served as Ahola's investment advisor.

19. When Ahola purchased the Annuity, Ahola designated the Annuity's beneficiaries as the following individuals with the following percentages:

    a. Gloria (50.00%);

    b. Larry (17.00%);

    c. Lauri (17.00%); and

    d. John (17.00%).

**B.  Ahola Executes A Change-of-Beneficiary Form**

20.    On or about December 30, 2021, Ahola contacted Edward Jones to request to change the Annuity's beneficiaries.

21.    On or about January 15, 2021, Ahola completed and executed a "Beneficiary Change and Predetermined Payout Election Form" that Prudential had prepared and that Edward Jones had sent to Ahola (the "Beneficiary-Change Form").

22.    Pursuant to the Beneficiary-Change Form, Ahola changed the beneficiaries of the Annuity to be the following individuals with the following percentages:

    a. Larry (33.33%);

    b. Lauri (33.34%); and

    c. John (33.33%).

23.    Edward Jones received the completed and executed Beneficiary-Change Form on or about January 25, 2022.

24.    Having received the completed and executed Beneficiary-Change Form, Edward Jones and Prudential thereafter failed to take the steps necessary to formally update the Annuity's designated beneficiaries and benefit percentages. Consequently, the Annuity's designated beneficiaries (and their respective benefit percentages) remained the same as they were when Ahola purchased the Annuity in December 2016.

**C.  After Ahola Dies, Gloria Improperly Tries to Claim the Annuity Benefit**

25.    Ahola died on or about April 8, 2022. At the time of his death, Ahola was married to Gloria, and both Ahola and Gloria lived on the Property.

26. After Ahola's death, Gloria submitted to Prudential a claim for 50% of the Annuity's benefit.

27. Having become aware of Gloria's claim for 50% of the Annuity's benefit, Edward Jones alerted Prudential to the impropriety of Gloria's claim. Consequently, Prudential stopped payment of the Annuity's benefit to Gloria pending an adjudication or resolution of the Annuity's proper beneficiaries and their respective benefit percentages.

28. Prudential has stated that because of "competing claims to the death benefits" under the Annuity, "Prudential is not in a position to make a determination as to the proper payee" of the Annuity's benefit. Prudential retains possession of the Annuity proceeds to this day.

## COUNT I
### Declaratory Judgment
*(Edward Jones, Prudential, Gloria)*

29. Plaintiffs incorporate by reference all preceding allegations as if those allegations were fully restated here.

30. The Annuity is a written instrument.

31. The Beneficiary-Change Form is a written instrument.

32. When Ahola purchased the Annuity in December 2016, Ahola designated the Annuity's beneficiaries as the following individuals with the following percentages: Gloria (50.00%); Larry (17.00%); Lauri (17.00%); and John (17.00%).

33. In January 2022, Ahola completed, executed, and submitted to Edward Jones the Beneficiary-Change Form, pursuant to which Ahola changed the Annuity's

beneficiaries to be the following individuals with the following percentages: Larry (33.33%); Lauri (33.34%); and John (33.33%).

34. Ahola died in April 2022.

35. Following Ahola's death, there is an actual controversy concerning the Plaintiffs' rights and other legal relations under the Annuity and under the Beneficiary-Change Form.

36. Plaintiffs are entitled to a judicial declaration that the Beneficiary-Change Form is valid and enforceable and that, consequently, (1) Plaintiffs are the sole beneficiaries of the Annuity in the percentages stated in the Beneficiary-Change Form; and (2) Gloria is not a beneficiary of the Annuity.

## COUNT II
### Breach of Contract
*(Prudential)*

37. Plaintiffs incorporate by reference all preceding allegations as if those allegations were fully restated here.

38. The Annuity is a written contract.

39. Plaintiffs are the designated beneficiaries of the Annuity.

40. As the Annuity's designated beneficiaries, Plaintiffs are third-party beneficiaries of the Annuity.

41. The Annuity requires that upon Ahola's death, Prudential is obligated to pay the Annuity's death-benefit proceeds to the designated beneficiaries.

42. By virtue of the Beneficiary-Change Form—which Ahola completed, executed, and submitted to Edward Jones in January 2022—Plaintiffs are the sole beneficiaries of the Annuity.

43. Ahola died in April 2022.

44. Prudential has failed to pay Plaintiffs the Annuity's death-benefit proceeds, which has a face value of $173,749.00.

45. By failing to pay Plaintiffs the Annuity's death-benefit proceeds, Prudential breached its contractual obligations under the Annuity.

46. Prudential's breaches of its contractual obligations under the Annuity has damaged Plaintiffs in an amount exceeding $75,000.00 that will be proved at trial.

## COUNT III
### Negligence
*(Edward Jones, Prudential)*

47. Plaintiffs incorporate by reference all preceding allegations as if those allegations were fully restated here.

48. Edward Jones owed a duty of reasonable care to Plaintiffs, as the beneficiaries of the Annuity.

49. Prudential owed a duty of reasonable care to Plaintiffs, as the beneficiaries of the Annuity.

50. In January 2022, Ahola completed, executed, and submitted to Edward Jones the Beneficiary-Change Form, which updated the Annuity's designated beneficiaries and benefit percentages.

8

51. Having received the completed and executed Beneficiary-Change Form, Edward Jones and Prudential thereafter failed to take the steps necessary to formally update the Annuity's designated beneficiaries and benefit percentages.

52. Because Edward Jones and Prudential failed to take the steps necessary to formally update the Annuity's designated beneficiaries and benefit percentages, the Annuity's designated beneficiaries (and their respective benefit percentages) remained the same as they were when Ahola purchased the Annuity in December 2016.

53. By failing to take the steps necessary to formally update the Annuity's designated beneficiaries and benefit percentages, Edward Jones and Prudential breached their respective duties of care to the Plaintiffs.

54. As a direct and proximate result of Edward Jones' and Prudential's breaches of their respective duties of care to Plaintiffs, Plaintiffs have suffered damages in an amount exceeding $75,000.00 that will be proved at trial.

### COUNT IV
### Constructive Trust
### *(Prudential)*

55. Plaintiffs incorporate by reference all preceding allegations as if those allegations were fully restated here.

56. Plaintiffs request that this Court impose a constructive trust by operation of law.

57. A constructive trust is an appropriate remedy because Prudential continues to wrongfully possess the Annuity's death-benefit proceeds and because Prudential should not, in equity and good conscience, continue to hold or retain those proceeds.

## DEMAND FOR JURY TRIAL

58. Pursuant to Rule 38(b)(1) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a jury trial on any issue triable of right by a jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment in their favor and against Edward D. Jones & Co., L.P., Prudential Insurance Company of America, Pruco Life Insurance Company, Fortitude Life Insurance & Annuity Company f/k/a Prudential Annuities Life Assurance Corporation, and Gloria Ahola as follows:

1. As to **Count I** (Declaratory Judgment), an order stating that the Beneficiary-Change Form is a valid and enforceable instrument and that, consequently, the beneficiaries of the Annuity are the following individuals in the following percentages: Larry Barnabo (33.33%); Lauri Barnabo (33.34%); and John Barnabo (33.33%).

2. As to **Count II** (Breach of Contract), awarding Plaintiffs money damages against Prudential in an amount exceeding $75,000.00 that will be proved at trial.

3. As to **Count III** (Negligence), awarding Plaintiffs money damages against Edward Jones and Prudential in an amount exceeding $75,000.00 that will be proved at trial.

4. As to **Count IV** (Constructive Trust), ordering a constructive trust for the benefit of Plaintiffs over the Annuity proceeds in Prudential's possession while this action is pending.

Date: January 12, 2023                    /s/ James W. Rose
    James W. Rose (P66473)
**TAFT STETTINIUS & HOLLISTER LLP**
27777 Franklin Rd
Suite 2500
Southfield, Michigan 48034
T: (248) 351-3000
jrose@taftlaw.com

–and–

Ernest F. Peake (MN #212453)
    (*Petition for Admission forthcoming*)
Paul M. Shapiro (MN #393396)
    (*Petition for Admission forthcoming*)
**TAFT STETTINIUS & HOLLISTER LLP**
2200 IDS Center
80 South Eighth St.
Minneapolis, MN 55402
T: (612) 977-8400
epeake@taftlaw.com
pshapiro@taftlaw.com

*Attorneys for Plaintiffs*